# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BASELINE CONTRACTING, INC., | Civil Action No.: |
| Plaintiff, | |
| v. | |
| | JURY TRIAL DEMANDED |
| CINCINNATI INSURANCE; and CINCINNATI INDEMNITY COMPANY, | |
| Defendants. | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE SAID DISTRICT COURT OF THE UNITED STATES:

Defendants, Cincinnati Insurance and Cincinnati Indemnity Company (hereinafter collectively, "Cincinnati"), pursuant to 28 U.S.C. §§ 1441, 1446 and 1332, hereby give notice of removal of this action from the Court of Common Pleas, Lehigh County, Pennsylvania, and states as follows:

1. On or about February 23, 2012, Plaintiff Baseline Contracting, Inc. (hereinafter "Plaintiff"), commenced a civil action by the filing of a Praecipe for Summons and Writ of Summons against Cincinnati in the Court of Common Pleas of Lehigh County, Pennsylvania, designated as civil action no. 2012-C-684. Thereafter, Cincinnati responded by filing a Praecipe and Rule to File Complaint along with a Praecipe for Entry of Appearance.

2. On or about April 2, 2012, Plaintiff filed a Complaint against Cincinnati in the Court of Common Pleas of Lehigh County, Pennsylvania in the civil action docketed at no. 2012-C-684 (hereinafter "State Court Action"). A true and correct copy of the Complaint and the exhibits thereto are incorporated herein by reference and are attached hereto as Exhibit "A."

3. The Complaint and Notice were mailed by Plaintiff to Cincinnati on April 2, 2012, and received by Cincinnati shortly thereafter. On or about April 18, 2012, Plaintiff filed a Demand for Jury Trial in the State Court Action. The above mentioned process and pleadings constitutes the entirety with which Cincinnati was served regarding the State Court Action. Therefore, this Notice of Removal was timely filed pursuant to 28 U.S.C. § 1446(b). A true and correct copy of the Certificate of Service of Plaintiff's Complaint is incorporated by reference and included in Exhibit "A."

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a), because this Court's district and division embrace the Court of Common Pleas, Lehigh County, Pennsylvania.

5. The controversy in issue is between citizens and corporations of different states.

6. Plaintiff is a Pennsylvania Corporation with its principal place of business located at 2800 Quarry Street, Coplay, Pennsylvania 18037. (*See* Exhibit "A" at ¶ 1).

7. Defendant, Cincinnati Insurance is, and at all times relevant was, an Ohio corporation with its principal place of business located in Ohio. Defendant, Cincinnati Indemnity Company is, and at all times relevant was, an Ohio corporation with its principal place of business located in Ohio. Defendants are, therefore, citizens of Ohio, pursuant to 28 U.S.C. § 1332(c)(1). (*See* Exhibit "A" at ¶ 2).

8. Plaintiffs have alleged two causes of action against Cincinnati in the State Court Action, including Breach of Contract and Fiduciary Duty, and Request for Declaratory Relief. (*See* Exhibit "A").

9. Plaintiff's Complaint in the State Court Action alleges, *inter alia*, that Plaintiff was covered under workers' compensation and general liability insurance policies issued by Cincinnati from at least as early as 1999 through early 2011. (*See* Exhibit "A" at ¶ 10).

10. Plaintiff also alleges in its Complaint that Cincinnati exercised complete control over the settlement of all workers' compensation claims against Plaintiff, which created in Cincinnati both contractual and fiduciary duties to Plaintiff, and that Cincinnati breached these duties when it made workers' compensation claim settlements in amounts that lacked justification and/or factual basis. (*See* Exhibit "A" at ¶¶ 27, 29, 38 and 39).

11. Plaintiff further alleges in its Complaint that Cincinnati breached its contractual and fiduciary duties when it made workers' compensation claim settlements without consultation with Plaintiff or consideration of the effects of the settlements. (*See* Exhibit "A" at ¶¶ 27, 28, and 40). Plaintiff alleges that as a result of the conduct of Cincinnati, Plaintiff has incurred increased premiums and costs. (*See* Exhibit "A" at ¶¶ 35, 40 and 41).

12. Plaintiff alleges in its Complaint that Cincinnati's breach of contractual and fiduciary duties caused Plaintiff to incur significant damages. Plaintiff's Complaint requests that the Court of Common Pleas of Lehigh County award Plaintiff damages in an amount excess of the arbitration limits, appropriate to compensate Plaintiff for Cincinnati's breach of contractual and fiduciary duties, punitive damages as appropriate, costs, interest and such additional relief as the court deems appropriate. (*See* Exhibit "A" at ¶¶ 42 and 46). The arbitration limit in the Court of Common Pleas, Lehigh County, Pennsylvania is $50,000.

13. Pursuant to 28 U.S.C. § 1446(c)(2), if removal of a civil action is sought on the basis of diversity jurisdiction, the sum demanded in good faith in the Complaint shall be deemed to be the amount in controversy, except that the notice of removal may assert the amount in controversy if the Complaint seeks . . . a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded.

14. The crux of Plaintiff's damages claims made in its Complaint are that Plaintiff's premiums and costs were adversely affected by Defendant's alleged breach of contractual and fiduciary duties. However, Plaintiff's Complaint does not set forth a recognizable amount of alleged damages other than they are in excess of $50,000. Nevertheless, the amounts of the alleged premiums at issue as reflected in the Exhibits to Plaintiff's Complaint are as follows:

- Premium due of $28,432 for the Cincinnati Workers Compensation and Employers Liability Insurance Policy from period of April 1, 2007 to April 1, 2008;

- Premium due of $25,020 for the Cincinnati Workers Compensation and Employers Liability Insurance Policy from period of April 1, 2008 to April 1, 2009;

- Premium due of $29,326 for the Cincinnati Workers Compensation and Employers Liability Insurance Policy from period of April 1, 2009 to April 1, 2010; and

- Premium due of $38,053 for the Cincinnati Workers Compensation and Employers Liability Insurance Policy from period of April 1, 2010 to April 1, 2011.

Thus, without any admission of liability, the amount in controversy exceeds $75,000. (*See* Exhibits a through d to Exhibit "A").

15. In addition, Plaintiffs seek punitive damages as alleged in their State Court Action, which may be aggregated with the compensatory damages when determining the amount in controversy. Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007). *See also* Golden v. Golden, 382 F.3d 348, 355 (3d Cir. 2004) (claims for punitive damages may be aggregated with claims for compensatory damages unless the former are "patently frivolous and without foundation.... [i]f appropriately made, therefore, a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of plaintiff's claim is below the statutory minimum.") Thus, without any admission of liability, the amount in controversy exceeds $75,000. (*See* Exhibit "A" at ¶ 42).

16. If Plaintiff can satisfy its burden of proof on liability and damages, then by the applicable standard of the preponderance of the evidence, this Court should find that the amount in controversy may exceed $75,000, exclusive of interests and costs for Plaintiff.

17. Accordingly, based on the totality of the facts and allegations contained in Plaintiff's Complaint, the above-entitled action is a civil action over which this Court has subject matter jurisdiction under the provisions of 28 U.S.C. § 1332, as it involves citizens of different states and/or a citizen of a foreign state, and the matter in controversy exceeds $75,000. Consequently, removal of this action is appropriate under 28 U.S.C. §§ 1332(a) and 1441(a).

18. Concurrent with the filing of this Notice of Removal, Cincinnati is providing notice to all adverse parties and the Prothonotary of the Court of Common Pleas, Lehigh County, Pennsylvania, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants, Cincinnati Insurance and Cincinnati Indemnity Company give notice that the above described action pending in the Court of Common Pleas, Lehigh County, Pennsylvania, is being removed therefrom to this Court.

**LITCHFIELD CAVO LLP**
*An Illinois Limited Liability Partnership*

By: *[signature]*
Daniel G. Litchfield, Esquire
Daniel A. Baylson, Esquire
1515 Market Street
Suite 1130
Philadelphia, PA 19102
215-557-0111
Attorneys for Defendants,
Cincinnati Insurance and
Cincinnati Indemnity Company