IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BASELINE CONTRACTING, INC.,<br>2800 Quarry Street<br>Coplay, Pennsylvania 18037,<br><br>and<br><br>SITELINE SERVICES, INC.,<br>2800 Quarry Street<br>Coplay, Pennsylvania 18037,<br><br>*Plaintiffs,*<br><br>v.<br><br>CINCINNATI INSURANCE and<br>CINCINNATI INDEMNITY COMPANY,<br>6200 South Gilmore Road<br>Fairfield, Ohio 45014,<br><br>*Defendants.* | CIVIL ACTION NO. 5:12-cv-02350-LS<br><br>HON. LAWRENCE F. STENGEL<br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

Plaintiffs Baseline Contracting, Inc. ("Baseline") and Siteline Services, Inc. ("Siteline") (which collectively may be referred to herein as "Plaintiffs"), by and through their undersigned counsel, hereby file this Amended Complaint against Defendants Cincinnati Insurance and Cincinnati Indemnity Company (which collectively may be referred to herein as "Defendants" or "Cincinnati"), and in support thereof aver as follows:

## THE PARTIES

1. Plaintiffs are each Pennsylvania corporations, and each Plaintiff's principal place of business is located at 2800 Quarry Street, Coplay, Pennsylvania 18037.

2. Defendants Cincinnati Insurance (NAIC # 10677) and Cincinnati Indemnity Company (NAIC # 23280) are each corporations organized under the laws of the State of Ohio,

with their principal place of business located at 6200 South Gilmore Road, Fairfield, Ohio, 45014.

3. Defendants are each subsidiaries of Cincinnati Financial Corporation, an Ohio corporation.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest, and costs.

5. This Court has personal jurisdiction over Defendants, in that they carry on a continuous and systematic part of their business in the Commonwealth of Pennsylvania, and they otherwise have sufficient minimum contacts with, and have purposefully availed themselves of the protections of, the Commonwealth of Pennsylvania.

6. Venue in this Court is proper under 28 U.S.C. § 1391 because transactions and occurrences took place in the Eastern District of Pennsylvania out of which this cause of action arose.

7. An actual case or controversy of a justiciable nature exists between Plaintiffs and Defendants involving their rights and liabilities under insurance policies that Defendants issued to Plaintiffs.

8. Upon information and belief, all parties who have or claim any interest in the matter in controversy or who may be affected by any declarations made by this Court have been made parties to this action.

## FACTUAL ALLEGATIONS

9. Plaintiffs are heavy and highway general contractors, with special emphasis on public works projects, including bridge and road construction.

10. From at least as early as 1999 through early 2011, Baseline was covered, *inter alia*, under workers' compensation and general liability insurance policies issued by Defendants. Siteline was covered under similar insurance policies issued by Defendants from at least as early as 2004 through early 2011. Because of the voluminous bulk of these insurance contracts, complete copies thereof have not been attached as exhibits to this Amended Complaint. Defendants are in possession of the insurance contracts they issued to Plaintiffs.

11. All of the subject insurance contracts were drafted exclusively by Defendants.

12. During the period from at least as early as 1999 through early 2011, Baseline completed public works projects which entailed work performed pursuant to contracts with public entities, or which otherwise received federal, state, and/or local financial assistance. During the period from at least as early as 2004 through early 2011, Siteline completed similar projects, entailing similar work performed pursuant to contracts with public entities, or which contracts otherwise received federal, state, and/or local financial assistance.

13. As a matter of contract and law, Plaintiffs were required to pay their employees certain minimum wages equivalent to locally prevailing wages and benefits, including prescribed fringe benefits, pursuant to the Pennsylvania Prevailing Wage Act (Act of August 15, 1961, P.L. 987, *as amended*, 43 P.S. §§ 165-1, et seq.) and other governing federal, state, and local laws.

14. In addition, as a matter of contract and law, Plaintiffs were required to maintain Workers' Compensation Insurance ("WCI"), and it would have been a breach of Plaintiffs' contracts, and a violation of the law, to prosecute work without having WCI continuously in place.

15.     Premiums for insurance coverage for workers' compensation are based not only on the classification of the type of business and its annual payroll, but also on the company's prior "experience modification" or claims history.

16.     Pursuant to Pennsylvania Compensation Rating Bureau policy with respect to WCI, under the experience rating system, insured employers who maintained favorable loss levels in prior years receive a premium reduction, while those with poor past loss experience are charged an increased premium.

17.     Accordingly, any reduction in WCI claims payouts should result in lower future insurance premiums for the insured employer.

18.     The WCI policies that Defendants issued to Plaintiffs included provisions that obligated Defendants to provide a minimum of sixty (60) days' notice of non-renewal and at least thirty (30) days' notice of a premium increase.  Attached to this Amended Complaint at <u>Exhibits A through D</u> (in relation to Baseline) and <u>Exhibits E through H</u> (in relation to Siteline), respectively, are true and correct excerpts from the WCI policies Defendants issued to Plaintiffs in four consecutive policy periods—April 1, 2007 to April 1, 2008 ("04/01/07–04/01/08") through April 1, 2010 to April 1, 2011 ("04/01/10–04/01/11")—which excerpts contain the aforementioned notice provisions.

19.     Throughout their relationship with Plaintiffs, Cincinnati failed to comply with the notice requirements in their policies of insurance respecting premium increases and renewals.

20.     With respect to workers' compensation claims against Baseline and Siteline, Defendants assumed the duty and reserved to themselves specific rights as follows: "We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance.  We have the right to investigate and settle these claims, proceedings

or suits." Also attached to this Amended Complaint at <u>Exhibits A through D</u> (in relation to Baseline) and <u>Exhibits E through H</u> (in relation to Siteline), respectively, are true and correct excerpts from the WCI policies Defendants issued to Plaintiffs from 04/01/07–04/01/08 through 04/01/10–04/01/11, which excerpts each set forth Defendants' assumption of duty and reservation of rights.

21.  Upon information and belief, the WCI premiums that Defendants charged Plaintiffs were directly impacted by what is commonly referred to as the Experience Modification Factor ("EMF"), a mathematical calculation generated in accordance with Pennsylvania Compensation Rating Bureau requirements.

22.  Defendants calculated and applied EMFs to Plaintiffs on the basis of Plaintiffs' respective workers' compensation history or "experience" over the course of multiple years.

23.  Upon information and belief, Defendants calculated the adjustment factors for Plaintiffs based on prior years' payroll and loss data, essentially comparing Plaintiffs' respective loss data to the average loss data for all other employers in Pennsylvania who shared Plaintiffs' WCI classification code.

24.  Upon information and belief, Defendants' EMF calculations for Baseline and Siteline utilized loss data from three policy years prior to the year to which Defendants applied the EMF.

25.  An employer's "experience" is quantitative, not qualitative—*i.e.*, the greater the number of dollars the employer pays in medical and indemnity benefits for each claim, the less favorable the employer's "experience" and the more expensive the employer's WCI coverage.

26.  Accordingly, the employer's "experience" becomes favorable as the injured employee's receipt of indemnity benefits is eliminated or reduced, either by returning the

employee to gainful employment, by having the employee declared fully recovered from the effects of his or her injury, or by taking offsets contemplated by Section 204(a) of the Pennsylvania Workers' Compensation Act (Act of June 2, 1915, P.L. 736, art. II, § 204(a), *as reenacted, amended, and codified*, 77 P.S. § 71(a)).

27. At all times relevant hereto, Defendants exercised complete control over the settlement of all workers' compensation claims against Baseline and Siteline.

28. Plaintiffs have now learned that Defendants settled workers' compensation claims against each of them without their respective consent, for sums which adversely affected Plaintiffs' EMFs, which in turn caused Plaintiffs to incur increased WCI premiums.

29. Based on Defendants' exercise of complete control over the defense and settlement of workers' compensation claims, which included Defendants' retention of defense counsel, Defendants assumed a fiduciary duty to Plaintiffs.

30. Upon information and belief, prior to 2009, when calculating Plaintiffs' respective payroll expenditures for purposes of determining the baseline of their WCI and general liability insurance premiums, Defendants would exclude from such calculation the value of fringe benefits that Plaintiffs paid their employees under the Pennsylvania Prevailing Wage Act and other applicable law.

31. Upon information and belief, starting in or about 2009, Defendants began to include the value of these fringe benefits in its calculation of Plaintiffs' payroll expenditures with respect to Plaintiffs' respective general liability insurance premium bases.

32. Defendants were not permitted under governing law and the terms of the insurance contracts to include the value of these fringe benefits as a component of Plaintiffs'

payroll expenditures, for purposes of calculating Plaintiffs' respective general liability insurance premium bases.

33. Defendants therefore overcharged Plaintiffs for general liability insurance with respect to Plaintiffs' respective 2009-10 and 2010-11 policies.

34. Upon information and belief, between 2007 and 2009 Cincinnati improperly inflated the policy reserve amounts for Baseline and Siteline's respective general liability policies.

35. As a result of Defendants' conduct, Plaintiffs have incurred increased premiums and costs.

36. All conditions precedent to the rights of Plaintiffs and liabilities of Defendants have been satisfied.

### COUNT I:  BREACH OF CONTRACT AND FIDUCIARY DUTY
**(Plaintiffs Against Defendants)**

37. Plaintiffs incorporate by reference each of the foregoing paragraphs fully and completely as if set forth at length herein.

38. Defendants' exercise of control over the defense and settlement of workers' compensation claims against Plaintiffs, which control included retention of defense counsel, created in Defendants both contractual and fiduciary duties to Plaintiffs.

39. Defendants breached these contractual and fiduciary duties when they made workers' compensation claim settlements in amounts lacking justification and/or factual basis.

40. Defendants further breached these contractual and fiduciary duties when they made workers' compensation claim settlements without consulting Plaintiffs or considering the effects of the settlements on Plaintiffs' respective EMFs and, therefore, on Plaintiffs' prospective WCI premiums.

41. Defendants further breach their fiduciary duty based on the conflict of interest created when Defendants' WCI settlements resulted in higher EMFs, which in turn enabled Defendants to charge Plaintiffs higher prospective WCI premiums.

42. Defendants further breached their fiduciary duty by improperly inflating the policy reserve amounts for Baseline and Siteline's general liability policies, thus inaccurately stating Baseline and Siteline's potential exposure in pending actions and detrimentally affecting their respective abilities to obtain insurance coverage from carriers at premiums reflective of the proper exposure.

43. Defendants' breach of these contractual and fiduciary duties caused Plaintiffs to incur significant damages.

WHEREFORE, Plaintiffs Baseline Contracting, Inc. and Siteline Services, Inc. respectfully request that this Honorable Court award them damages appropriate to compensate them for Defendants' breach of contractual and fiduciary duties, punitive damages as appropriate, costs, interest, and such additional relief as the Court deems appropriate.

### COUNT II: REQUEST FOR DECLARATORY RELIEF UNDER 28 U.S.C. § 2201
**(Plaintiffs Against Defendants)**

44. Plaintiffs incorporate by reference each of the foregoing paragraphs fully and completely as if set forth at length herein.

45. Plaintiffs are entitled to the declaration of their rights and the confirmation of Defendants' duties as a matter of contract and statute, as set forth below.

46. Specifically, Plaintiffs are entitled to the declaration that Defendants owed them a fiduciary duty in addition to a contractual duty.

47. Plaintiffs are further entitled to the declaration that Defendants' inclusion of fringe benefits in the calculation of Plaintiffs' respective general insurance liability premium bases is contrary to law and public policy.

WHEREFORE, Plaintiffs Baseline Contracting, Inc. and Siteline Services, Inc. respectfully request that this Honorable Court:

  a. award them damages appropriate to compensate them for Defendants' breach of contractual and fiduciary duties, breach of the notice requirements, and improper premiums charged related to Plaintiffs' general liability policies, as well as punitive damages as appropriate;

  b. enter declaratory judgment in favor of Plaintiffs and against Defendants that, based on Defendants' exercise of complete control over the defense and settlement of workers' compensation claims, including Defendants' retention of defense counsel, Defendants assumed contractual and fiduciary duties to Plaintiffs, which Defendants breached by making workers' compensation claim settlements that lacked justification and/or factual basis, and which breaches caused Plaintiffs injury and harm;

  c. enter declaratory judgment in favor of Plaintiffs and against Defendants that Defendants were not entitled or permitted to factor fringe benefits that Plaintiffs paid their employees pursuant to the Pennsylvania Prevailing Wage Act or other applicable law into the premium bases for Plaintiffs' respective general liability insurance policies with Defendants;

  d. award Plaintiffs costs and such other and further relief as may be provided by statute and/or that the Court may deem appropriate.

## JURY DEMAND

Plaintiffs hereby demand trial by jury of all issues so triable.

Respectfully submitted,

**POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO, P.C.**

Dated: July 20, 2012

By: /s/ Paul A. Logan
Paul A. Logan
Jason Karasik
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: (610) 354-9700
Fax: (610) 354-9760

*Attorneys for Plaintiffs, Baseline Contracting, Inc. and Siteline Services, Inc.*